**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS QUESTEL, : | Civil Action No. 16-1637 (MLC) |
| : | |
| Petitioner, : | **MEMORANDUM OPINION** |
| : | |
| v. : | |
| : | |
| CHARLES GREEN, : | |
| : | |
| Respondent. : | |

**COOPER, DISTRICT JUDGE**

Petitioner Nicholas Questel ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey, pending his removal from the United States. On March 14, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal. (Dkt. 1.)[1] Following an order to answer (dkt. 2), the Government filed a response to the Petition (dkt. 4). On May 26, 2016, Petitioner filed a reply. (Dkt. 6.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

For the reasons stated below, the Court will enter an Order to Show Cause for Petitioner to explain why this petition should not be dismissed for failure to exhaust all available remedies.

## I.     BACKGROUND

Petitioner is a native and citizen of Trinidad and Tobago who entered this country and was granted lawful permanent resident status in 1999.  (Dkt. 1 at 5.)  On April 5, 2010, Petitioner arrived in the United States via Newark Liberty International Airport on a commercial flight from Trinidad and Tobago.  (Crim. No. 10-6052, dkt. 1 at 3.)  Petitioner was selected for a border search, and a subsequent pat down of Petitioner revealed "an unusual bulge in the groin area."  (Id.)  Two "brick-like" objects containing cocaine were removed from Petitioner's undergarments.  (Id.)  On April 5, 2010, DHS paroled Petitioner into the country for ninety days, until July 5, 2010, to face federal criminal prosecution.  (Dkt. 4 at 3; dkt. 4-1.)

In June 2011, Petitioner was convicted of conspiracy to import cocaine pursuant to 21 U.S.C. § 963.  (Crim. No. 10-709, dkt. 19.)  For this conviction, Petitioner received a sentence of "three years' probation."  (Id.)  On February 22, 2013, while Petitioner was serving that probationary sentence, a Petition for Warrant or Summons for Offender Under Supervision was filed against him in this District.  (Id., dkt. 20.)  The Petition for Warrant alleged that Petitioner "violated the standard supervision condition which states that '[y]ou shall not commit another federal, state, or local crime.'"  (Id. at 1.)  The Petition for Warrant also alleged that, on January 15, 2013, Petitioner was arrested in Newburgh, New

2

York, and charged with "forgery, criminal possession of stolen property, grand larceny, attempted grand larceny, and credit card fraud."  (Id.)

On September 13, 2013, this Court signed a Second Amended Petition and Order for Issuance of Arrest Warrant for Violation of Supervised Release for Petitioner.  (Id., dkt. 21.)  On February 26, 2015, a Judgment was entered against Petitioner for revocation of probation or supervised release.  (Id., dkt. 30.)  Petitioner admitted his guilt to violating his probation by committing another crime.  (Id. at 1.)  Consequently, Petitioner's previously imposed term of probation was revoked, and Petitioner was "committed to the custody of the United States Bureau of Prisons to be imprisoned for 10 months[.]"  (Id. at 2.)  When he completed serving that imprisonment, he was detained by DHS/ICE to address the immigration proceedings.  (Dkt 4-3.)

On April 14, 2015, an Immigration Judge issued an Order denying Petitioner's request for a change in custody status, finding that Petitioner's status was "arriving alien/mandatory custody."  (Dkt. 4-4.)  On September 27, 2015, Petitioner filed a Petition for Writ of Coram Nobis with this Court, which remains pending.  (Civ. No. 15-7555, dkt. 1.)[2]  Additionally, as of this writing, Petitioner is awaiting an Immigration hearing on the merits of his removal.  (Dkt. 4-6).  On March 14, 2016, Petitioner filed this petition challenging his present Immigration detention under 8 U.S.C. § 1225(b)(2)(A).  (Dkt. 1.)

---

[2]  Oral argument on the Petition for Writ of Coram Nobis was held on October 19, 2015.  An evidentiary hearing was conducted on February 19, 2016, and August 1, 2016.  The matter is currently awaiting final briefing from the parties.

3

In this Petition, Petitioner argues that he is a pre-removal-order detainee subject to 8 U.S.C. § 1226(c), as opposed to § 1225(b). Thus, he continues, because it has been over one year since he was detained by DHS/ICE, he is due a bond hearing to determine if his continued detention is necessary. See Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) (holding that, for pre-removal-order detainees, bond hearings should be held after six months in detention to determine if a detainee is either a danger to the community or a flight risk). In response, the Government argues that Petitioner's detention is governed by § 1225(b) because he was initially arrested while attempting to enter the country, and Petitioner is thus not entitled to a bond hearing.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c)(3), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, and because Petitioner asserts that his detention is not statutorily

4

authorized.  See Zadvydas v. Davis, 533 U.S. 678, 689 (2001); Spencer v. Lemna, 523 U.S. 1, 7 (1998); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494–95, 500 (1973).

**B.    Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien.  Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c).  Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on-
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]

8 U.S.C. § 1226(c)(1).

The Government, however, contends that Petitioner is instead being held as an arriving alien pursuant to 8 U.S.C. § 1225(b)(2)(A). Courts in this district have previously observed that a lawful permanent resident returning from abroad is "presumptively entitled to retain that status upon reentry unless he falls into one of six subsections, in which case he is stripped of his . . . status [and] becomes an alien seeking admission as if he were entering for the first time." Mejia v. Ashcroft, 360 F.Supp.2d 647, 651 (D.N.J. 2005) (quotations omitted). One of those six subsections explicitly states that a returning alien with prior convictions for controlled-substance offenses falls into the exception and is therefore treated as an applicant for admission upon his attempt at reentry. See 8 U.S.C. § 1101(a)(13)(C); 8 U.S.C. § 1182(a)(2)(A)(i)(II).

This Court agrees with the Government that Petitioner's detention is pursuant to § 1225(b)(2)(A). As Petitioner was not admitted to the United States on April 5, 2010, but

merely paroled into the country for ninety days to face federal criminal prosecution (Dkt. 4 at 3; dkt. 4-1), he is not deemed to have entered the United States for immigration purposes.  See 8 U.S.C. § 1182(d)(5)(A).  Petitioner is subject to the "entry fiction" as he was detained at the border attempting to enter the country.  See Heng Meng Lin v. Ashcroft, 247 F.Supp.2d 679, 688 n.4 (E.D. Pa. 2003) ("The 'entry fiction' doctrine treats an excludable alien as legally detained at the border despite his physical presence in the country."); Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953).  This Court thus finds that Petitioner's detention is controlled by § 1225(b)(2)(A), as an applicant for admission, and not § 1226(c), which applies to those who have entered and been admitted to the country for immigration purposes prior to being taken into custody.  See Sheba v. Green, No. 16-230, 2016 WL 3648000, at *2 (D.N.J. July 7, 2016).

All habeas petitioners, including immigration detainees seeking review of their detention under § 1225(b)(2)(A), must first exhaust all administrative remedies before seeking a writ of habeas corpus from this Court.  Okonkwo v. I.N.S., 69 Fed. App'x 57, 59-60 (3d Cir. 2003); Yi v. Maugans, 24 F.3d 500, 503-04 (3d Cir. 1994).  The failure to exhaust remedies deprives a petitioner of the ability to receive habeas corpus relief in federal court.  Okonkwo, 69 Fed. App'x at 59-60; Yi, 24 F.3d at 503-04.

Section 1225(b)(2)(A) does not explicitly provide for a bond hearing for an alien detained under that section.  But other relief is available for the detainee if the Department of Homeland Security determines, "on a case-by-case basis," that "urgent humanitarian reasons or significant public benefit" warrants paroling that detainee into the United States.

See 8 U.S.C. § 1182(d)(5)(A).  "[S]uch parole," the statute notes, "shall not be regarded as an admission of the alien and when the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  Id.; see also Sheba, 2016 WL 3648000, at *2.

To exhaust his available remedies, an alien detained pursuant to § 1225(b)(2)(A) must seek parole under § 1182(d)(5)(A) by requesting such relief from the Government.  Okonkwo, 69 F. App'x at 59-60; Sheba, 2016 WL 3648000, at *2-3; Bernard v. Green, No. 15-6462, 2016 WL 2889165, at *3 (D.N.J. May 17, 2016).

Petitioner asserts that he "has exhausted all and every administrative remedies to the extent required by law."  (Dkt. 1 at 3.)  Petitioner also states that he "is currently seeking all waivers, which could take some time."  (Dkt. 6 at 6.)  The Government, however, contends that Petitioner has not requested parole, and, therefore, that he has not exhausted his administrative remedies before filing this habeas petition.  (Dkt. 4 at 16.)

It is unclear from the filings what actions, if any, Petitioner has taken to exhaust his remedies.  Petitioner's initial brief—that he "has exhausted" his remedies—and his reply brief to the Government—that he "is currently seeking all waivers" (presumably Petitioner means under 8 § 1182(d)(5)(A))—are seemingly inconsistent.  By contrast, the Government represents unambiguously that Petitioner has not sought parole under § 1182(d)(5)(A).

Petitioner has not provided this Court with any documentation or other representation of what remedies he has sought, when he sought them, and what the status of those applications for relief may be. On the record presented, the Court is unable to determine whether Petitioner has in fact exhausted his remedies.

The Court will grant Petitioner leave to supplement or amend his filings to explain why this Court should not dismiss his Petition for Writ of Habeas Corpus for failure to exhaust all available remedies. In so doing, Petitioner shall identify what relief he has already applied for, when those applications were made, and what the result was, or the current status is, of these applications for relief. Petitioner should also provide any documentation that supports his position.

### III.  CONCLUSION

For the reasons set forth above, this Court asks Petitioner to explain why his Petition for Writ of Habeas Corpus should not be dismissed for failure to exhaust all available administrative remedies. An appropriate Order to Show Cause follows.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**   September 9, 2016